## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-4043-MWB |
| Plaintiff, | |
| vs. | **ORDER CONCERNING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |
| LARARO MARTIN-BARTOLON, | |
| Defendant. | |

_____

## I.     INTRODUCTION AND BACKGROUND

In an Indictment (docket no. 2), handed down May 22, 2014, defendant Lazaro Martin-Bartolon is charged with being found knowingly and unlawfully in the United States after having been previously removed from the United States to Guatemala subsequent to a conviction for an aggravated felony offense (forgery), without obtaining the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission into the United States prior to re-entering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On June 5, 2014, defendant Martin-Bartolon entered a guilty plea before United States Magistrate Judge Leonard T. Strand to the charge in the Indictment.  That same day, Judge Strand entered a Report And Recommendation (docket no. 11) recommending that I accept defendant Martin-Bartolon's guilty plea.  Also on June 5, 2014, both defendant Martin-Bartolon and the prosecution filed requests that I accept Judge Strand's Report And Recommendation and waivers of time to object to the Report And Recommendation (docket nos. 12 and 13).  I now undertake the necessary review of Judge Strand's

recommendation that I accept defendant Martin-Bartolon's guilty plea to the charge against him in this case.

## II.    ANALYSIS

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, *when objections are made*, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation).  Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

*In the absence of an objection*, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court.").  Indeed, *Thomas* suggests that no review at all is required.  *Id.* ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by the district court when no objections are filed.").  Nevertheless, the Eighth Circuit Court of Appeals

has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Review for clear error, even when no objection has been made, is also consistent with "retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Although neither the Supreme Court nor the Eighth Circuit Court of Appeals has explained precisely what "clear error" review means in this context, in other contexts, the Supreme Court has stated that the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Here, because the parties offered no objections and waived the time for doing so, I have reviewed Judge Strand's Report And Recommendation only for "clear error." After conducting such review on the entire evidence, I am not "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citations omitted). Nor do I find any reason to reject or modify Judge Strand's recommendation. *See* 28 U.S.C. § 636(b)(1) (2006).

THEREFORE, I **accept** Judge Strand's June 5, 2014, Report And Recommendation (docket no. 11), and I **accept** defendant Martin-Bartolon's guilty plea to the charge against him in the Indictment (docket no. 2).

**IT IS SO ORDERED**.

**DATED** this 9th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA